W. J. TRAFTON ET AL. v. E. A. FLORA.

(Filed 22 February, 1928.)

**1. Wills — Construction — Nature of Estates and Interests Created — Contingent Remainders.**

When a testatrix devises certain lands to M. in fee, and bequeaths certain bank stock to W. with limitation over in the event he die without heirs "his share" to the children of the brother of the testatrix, and by codicil "everything I have given M. to be given W. at her death": *Held*, the words "his share," in the bequest to W. refers to the identified shares of bank stock bequeathed to him and not to the real estate devised to M., in which he has a contingent remainder under the codicil to the will.

**2. Deeds—Titles—Fee Simple.**

The life tenant and the contingent remainderman may convey by valid deed the full fee-simple title to the lands so held by them.

CIVIL ACTION, before *Barnhill, J.,* at January Term, 1928, of PASQUO-TANK.

Sallie A. Perry died leaving a last will and testament and devising "my home on Fearing and Pool streets." W. J. Trafton and Margaret Hill Trafton, his wife, and William Hill Trafton, unmarried, and of age, have contracted and agreed to sell the defendant the said lot of land for the sum of $10,000, and have tendered a deed for said property to the defendant. The defendant declines and refuses to accept said deed or to pay the purchase price upon the ground that the plaintiffs under the will of Sallie A. Perry are not owners of an indefeasible fee in said property. The trial judge decreed that the plaintiffs were the owners of said property in fee and that the defendant would receive a good title to said property. From the judgment so entered the defendant appealed.

*Ehringhaus & Hall for plaintiffs.*
*Aydlett & Simpson for defendant.*

BROGDEN, J. Testatrix devised in fee her homeplace on Fearing and Pool streets to plaintiff, Margaret Hill Trafton. Thereafter in a subsequent clause of the will she bequeathed to her nephew, William H. Trafton, five shares of the capital stock of the Carolina Banking and Trust Company. In a subsequent clause of the will it is declared: "If my nephew, William H. Trafton, dies without heirs, his share will go to my brother's children, Margaret, Evelyn, Helen, James and David Hill." In a codicil to the will occurs the following provision: "And everything I have given my sister, Margaret Hill Trafton, to be given to my nephew, William Hill Trafton, at her death."

It is to be observed in the outset that in the original will no interest whatever in the land in controversy was devised to William H. Trafton. The only property bequeathed to him was certain shares of stock. Hence the words "his share will go to my brother's children, Margaret," etc., must obviously, refer to the identical shares of stock so specified, and do not relate to real estate or affect the title thereto. The only interest in real estate devised to William H. Trafton is created by the clause in the codicil above referred to. This clause devises in express terms a life estate in the real property in controversy to plaintiff, Margaret Hill Trafton, with the remainder in fee to William H. Trafton. Therefore it is clear that a deed executed by Margaret Hill Trafton and her husband, William H. Trafton, will convey a fee-simple title to said property. The judgment of the trial court is

Affirmed.